UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARDEN KASSAB and
PHARMACO, INC.,

     Plaintiffs,                          Case No. 22-cv-12307
                                         Hon. Matthew F. Leitman

v.

CITY OF DETROIT,

     Defendant.

_____/

## ORDER DENYING PLAINTIFFS'
## MOTION FOR A TEMPORARY RESTRAINING ORDER (ECF No. 2)

On September 28, 2022, Plaintiffs Arden Kassab and Pharmaco, Inc. filed a motion for a temporary restraining order in this action. (*See* Mot., ECF No. 2.) Plaintiffs seek an order enjoining Defendant City of Detroit "from enforcing the Medical Marijuana Facilities and Adult-Use Marijuana Establishments Ordinance 2022.11" (the "Marijuana Licensing Ordinance"). (*Id.*, PageID.192.) For the reasons explained below, Plaintiffs' motion is **DENIED**.

## I

In 2021, the City of Detroit enacted an ordinance governing "the process for obtaining a recreational marijuana retail license" in the City. *Lowe v. City of Detroit*, 544 F.Supp.3d 804, 806 (E.D. Mich. 2021). On June 17, 2021, another Judge of this Court, the Honorable Bernard A. Friedman, enjoined enforcement of that ordinance

1

because it gave "an unfair, irrational, and likely unconstitutional advantage to long-term Detroit residents over all other applicants." *Id.*

On April 5, 2022, in the wake of Judge Friedman's order, the City of Detroit enacted a new ordinance related to the issuance of licenses for the retail sale of marijuana – the Marijuana Licensing Ordinance.   Plaintiffs did not challenge the Marijuana Licensing Ordinance in this Court at that time.  Instead, a different party, represented by Plaintiffs' counsel, challenged the Marijuana Licensing Ordinance in the Wayne County Circuit Court (the "State Court Litigation").  On August 1, 2022, that court issued an order temporarily enjoining the City from accepting applications under the Marijuana Licensing Ordinance. (*See* St. Ct. Order, ECF No. 2-4.)  The court issued an opinion and order dissolving the injunction on August 30, 2022. (*See* St. Ct. Op. and Order, ECF No. 2-5.)

On that same day, the City of Detroit announced that it would begin accepting applications for marijuana retail licenses under the Marijuana Licensing Ordinance on September 1, 2022. (*See* ECF No. 2-6.)  The City's announcement explained that applications for the "first phase of recreational marijuana licenses" would be accepted until October 1, 2022. (*Id.*, PageID.274.)

Plaintiffs did not seek relief from the Marijuana Licensing Ordinance in this Court when the application window opened.  Instead, it appears that Plaintiffs stood by as the plaintiffs in the State Court Litigation asked the Michigan Court of Appeals

to reinstate the injunction that the Wayne County Circuit Court had dissolved.  The Michigan Court of Appeals declined to grant that requested relief on September 26, 2022.

At that point – months after the City had enacted the Marijuana Licensing Ordinance and with only two days remaining in the license application period – Plaintiffs filed their Complaint in this Court challenging the constitutionality of the Marijuana Licensing Ordinance. (*See* Compl., ECF No. 1.)  Plaintiffs also filed a motion for a temporary restraining order. (*See* Mot., ECF No. 2.)  In that motion, Plaintiffs seek an order enjoining the City from enforcing the Marijuana Licensing Ordinance. (*See id.*)  These filings were completed after the close of business hours on Wednesday, September, 28, 2022, and were first reasonably available for the Court's review today – with a mere one day remaining in the license application period.

Plaintiffs now argue that they are entitled to emergency relief because the application window is about to close. (*See id.*, PageID.194-195.)  Plaintiffs insist that if that window closes, "Plaintiffs will lose the opportunity to prevent irreparable harm to themselves and others in order to apply for Phase 1 recreational adult-use marijuana retailer licenses." (*Id.*)

Plaintiffs seem to miss the irony of their position.  They are the ones who created the purported emergency here by waiting until the eleventh hour to file this

action.  And they have not offered any persuasive explanation in their motion as to why they waited so long before rushing into federal court and claiming an urgent need for immediate relief.[1]  Such "[l]ast-minute requests for emergency injunctive relief without a convincing explanation for the timing of the request are strongly disfavored." *Jacquelyn S Jordan Trust v. City of Franklin*, 2022 WL 1507196, at *1 (M.D. Tenn. May 12, 2022) (denying motion for temporary restraining order). *See also Adventist Health System/Sun Belt, Inc. v. Unite States Dep't of Health and Human Svcs.*, 17 F.4th 793, (8th Cir. 2021) (affirming denial of motion for preliminary injunctive relief and explaining that "a long delay by plaintiff after learning of threatened harm … may be taken as an indication that the harm would not be serious enough to justify a preliminary injunction"); *Benisek v. Lamone*, 138 S.Ct. 1942, 1944 (2018) ("A party requiring a preliminary injunction must generally show reasonable diligence").  Simply put, "any 'emergency' is of Plaintiff[s'] own making and warrants denial of the request for a temporary restraining order." *Kotori Designs, LLC v. Living Well Spending Less, Inc.*, 2016 WL 4375274, at *4 (M.D. Fla. Aug. 17, 2016). Indeed, the constitutional claims raised in Plaintiffs' Complaint

---

[1] Plaintiffs' counsel attests that since June of 2022 she has conferred with the City's lawyer in an effort to obtain the relief Plaintiffs seek in this action. (*See* Atty. Verification, ECF No. 2, PageID.212.)  But the City has consistently refused to grant that relief. (*See id*.) Moreover, the City defended the ordinance that the Plaintiffs attack here in the State Court Litigation.  Thus, Plaintiffs' need to file this federal lawsuit should have been apparent quite some time ago.

warrant substantial and careful consideration by the Court, and the Court cannot reasonably perform such an analysis in the extremely compressed time frame created by the Plaintiffs.  For all of these reasons, Plaintiffs' motion for a temporary restraining order is **DENIED**.

### III

When Plaintiffs filed their Complaint, they identified this action as a companion case to *Lowe v. City of Detroit*, E.D. Mich. Case No. 21-cv-10709, a civil action that was assigned to Judge Friedman. (*See* Dkt.)  The Court has consulted with Judge Friedman and will transfer this action to him as a companion case under Local Rule 83.11(7).  Once this action is transferred to Judge Friedman, Plaintiffs should consult with Judge Friedman to determine the schedule, if any, under which he may be willing to consider a renewed motion to enjoin enforcement of the Marijuana Licensing Ordinance.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 29, 2022

I hereby certify that a copy of the foregoing  document was served upon the parties and/or counsel of record on September 29, 2022, by electronic means and/or ordinary mail.

s/ Susan Pinkowski
Case Manager
(313) 234-2662